UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVA SEREMAK, | ) |
| | ) |
| Plaintiff, | ) 10 C 3463 |
| | ) |
| vs. | ) Judge Feinerman |
| | ) |
| AMERICAN EXPRESS, INC., and BRIAN COGHLIN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eva Seremak brought this action against her employer American Express, Inc., and Brian Coghlin, a former American Express employee, alleging sexual harassment, a hostile work environment, and assault under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Coghlin, who never was served with process, was dismissed under Federal Rule of Civil Procedure 4(m). Doc. 22. American Express has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the claims against it for lack of subject matter jurisdiction, citing a mandatory arbitration agreement between itself and Seremak.

American Express tenders two documents to support its motion. The first, the "New Hire Employment Arbitration Policy Acknowledgement Form," states in relevant part:

> I acknowledge that I have received and been given the opportunity to review the American Express Company Employment Arbitration Policy (the "Policy"). I understand that arbitration is the final and exclusive forum for the resolution of all employment-related disputes between American Express and me that are based on a legal claim.
>
> I further understand that the employment related disputes subject to arbitration under the Policy include any claims arising under any federal, state or local statute, regulation, or common law doctrine regarding or relating to employment discrimination, terms and conditions of

> employment, or termination of employment (and any future additions, changes, or amendments to those laws), including but not limited to the following:
>
> · Title VII of the Civil Rights Act of 1964
>
> * * *
>
> I agree to submit any and all employment related disputes based on a legal claim to arbitration, and agree to waive my right to trial before a judge or jury in federal or state court in favor of arbitration under the Policy.

Doc. 18-1. The Acknowledgement Form has a signature line for the employee and was signed by Seremak on December 3, 2007.

The second document is the "Arbitration Policy" referenced in the Acknowledgement Form. Doc. 18-2. The Arbitration Policy, which sets forth the various rules and procedures governing the arbitration of employment disputes with American Express, provides: "The agreement between each individual and American Express to be bound by the Policy creates a contract requiring both parties to resolve all employment-related disputes that are based on a legal claim through final and binding arbitration. Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under the Policy." *Id*. at 1. The Policy further provides that: "For those individuals covered by the Policy, the obligation to arbitrate pursuant to the Policy exists both during employment and after their employment with the Company ends. The obligation to arbitrate under this Policy also extends to the Company … ." *Id*. at 2. The Policy requires American Express to reimburse an employee $2000 for attorney fees and costs incurred during arbitration. *Id*. at 9. Unlike the Acknowledgement Form, the Arbitration Policy does not have a signature line and is not signed by Seremak; nothing on the Policy's face indicates (one way or the other) whether it was actually presented to Seremak.

Seremak concedes by her silence that the arbitration agreement, by its terms, covers the employment discrimination claims brought here. She argues, however, that the agreement is unenforceable as a matter of Illinois law. *See Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 636 (7th Cir. 1999) (enforceability of an arbitration agreement turns of the law of the State where employment and termination took place); *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 367 (7th Cir. 1999) (same). In support, Seremak avers that on December 3, 2007, her first day of work, she was given the Acknowledgement Form and other documents to sign "as a condition of [her] employment." Doc. 23-3. She further avers that she was not given time to read the documents she signed, was not given copies of the signed documents, and was not given a copy of the Arbitration Policy. *Ibid.* From these factual premises, Seremak contends that the arbitration agreement is not supported by adequate consideration, rendering it void. *See Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d 99, 109 (Ill. 2006) (listing "consideration" as among "the basic ingredients" of an enforceable arbitration agreement).

Seremak's contention that the arbitration agreement is unenforceable for want of consideration is completely at odds with a Status Report she filed shortly before American Express filed its motion to dismiss. The Status Report states, in relevant part:

> A letter was received on February 7, 2011 from counsel representing American Express, a copy of which is attached hereto, advising of the existence of an Arbitration Agreement between the parties and requesting dismissal of the Complaint and an Order Compelling Arbitration. *Plaintiff has agreed to an Order compelling arbitration* and a proposed Order is attached.

Doc. 14 at 1 (emphasis added). The proposed order attached to the Status Report would have dismissed the case and provided "[t]hat the Plaintiff, Eva Seremak and the Defendant, American Express Inc. be and are hereby ordered and compelled to engage in binding arbitration pursuant

to their arbitration agreement." Doc. 14-1. Although Seremak changed her mind about arbitration after American Express moved to dismiss, the view she expressed in the Status Report regarding the arbitration agreement, while perhaps not a waiver, casts her current submissions in an extremely negative light.

In advancing her current position, Seremak relies almost entirely on *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997), which held the arbitration agreement there void for lack of consideration. *Gibson* has a superficial similarity to this case; in *Gibson*, as here, the employee signed a form acknowledging receipt of an arbitration manual, the acknowledgment form reflected only the employee's commitment to arbitration and not the employer's, and the employee claimed never to have seen the actual arbitration manual. But the similarity stops there. As the Seventh Circuit subsequently explained, *Gibson*'s holding that the agreement there failed for lack of consideration turned on two specific circumstances: (1) the arbitration policy stated that "it does not constitute a contract or promise of any kind," and thus did not bind the employer to arbitration; and (2) the employee's "promise to arbitrate was not supported by consideration in the form of her employer's promise to hire her or to continue to employ her." *Koveleskie*, 167 F.3d at 367-68; *see also Tinder v. Pinkerton Security*, 305 F.3d 728, 734 (7th Cir. 2002) (discussing *Gibson*); *Michalski*, 177 F.3d at 636-37 (same).

Neither circumstance is present here. First, as noted above, the Arbitration Policy expressly binds American Express to arbitration. Doc. 18-2 at 1 ("The agreement between each individual and American Express to be bound by the Policy creates a contract requiring both parties to resolve all employment-related disputes that are based on a legal claim through final and binding arbitration."); *id*. at 2 ("[t]he obligation to arbitrate under this Policy also extends to the Company"); *see Int'l Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293

F.3d 402, 407 (7th Cir. 2002) (describing *Gibson* as "a situation in which one party unilaterally forced another into arbitration"). Second, as Seremak averred in her affidavit, signing the Acknowledgement Form was "a condition of [her] employment," Doc. 23-3, meaning that American Express promised to employ or to continue to employ her in exchange for her signature. *See Melena*, 847 N.E.2d at 109 ("under Illinois law, continued employment is sufficient consideration for the enforcement of employment agreements"). Accordingly, Seremak's enforceability challenge fails.

Although the arbitration agreement is enforceable and governs Seremak's claims, the appropriate disposition is not, as American Express urges, dismissal of this case for lack of subject matter jurisdiction under Rule 12(b)(1). As the Seventh Circuit "has noted on numerous occasions, the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (quoting *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005) (citing *Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002))). Consistent with this principle, courts presented with a motion to dismiss based on an arbitration agreement routinely construe the motion as one to stay the litigation and compel arbitration. *See, e.g.*, *Krantz & Berman, LLP v. Dalal*, 2010 WL 1875695, at *3 (S.D.N.Y. May 11, 2010); *Ben & Jerry's Franchising, Inc. v. Porghavami*, 2008 WL 744722, at *1 (E.D. Cal. Mar. 14, 2008); *Giannone v. Ayne Inst.*, 290 F. Supp. 2d 553, 559 n.9 (E.D. Pa. 2003); *Svenska Ortmedicinska Institutet v. Desoto*, 2001 WL 175261, at *2 (D. Me. Feb. 22, 2001); *Thomassen & Drijver-Verblifa N.V. v. Sardee Indus., Inc.*, 1988 WL 102258, at *1 (N.D. Ill. Sept. 28, 1988). The authority to stay arbitration derives not from Rule 12(b), but from Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. *See Cont'l Cas.*, 417 F.3d at 732 n.7.

This case is unusual in that American Express, the party invoking the arbitration agreement, affirmatively does *not* want the court to compel arbitration. The reason, conveyed by American Express at a status hearing and in an email to Seremak's counsel (Doc. 23-4), is the company's belief that arbitration is time-barred because Seremak did not initiate arbitration within ninety days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission. The timeliness of Seremak's potential future arbitration demand does not bear on the proper disposition of American Express' motion. As American Express has correctly maintained, arbitration is Seremak's sole avenue of redress for her employment discrimination claims. Whether Seremak has waited too long to invoke arbitration, or whether the time for invoking arbitration was tolled upon the filing of this lawsuit, is a matter for the arbitrator's consideration, at least in the first instance. *See* Arbitration Policy, § II.E ("Nothing in this Policy relieves an individual or American Express from any obligation they may have to exhaust certain administrative remedies, which may be required under applicable law … before arbitrating any claims or disputes under this Policy. For example, a party may not initiate the arbitration process unless it has exhausted all required administrative remedies, such as obtaining a right to sue notice from the Equal Employment Opportunity Commission (EEOC) in order to arbitrate federal discrimination claims that require such a notice.") (Doc. 18-2 at 3); *id*., § III.B ("The [arbitration] Demand must be received within the time period allowed pursuant to the statute, regulation, or other law applicable to the alleged act or omission giving rise to the dispute.") (Doc. 18-2 at 4); *id*., § IV.E ("The arbitrator may grant … a motion to dismiss and/or a motion for summary judgment. In ruling on any such motion, the arbitrator will apply the standards governing such motions under the Federal Rules of Civil Procedure. Upon the request of either

party, the arbitrator will establish a briefing schedule and, if necessary, schedule an opportunity for oral argument prior to considering such dispositive motions.") (Doc. 18-2 at 5).

For these reasons, American Express' motion to dismiss is construed as a motion to stay litigation and compel arbitration and, as so construed, is granted.

August 3, 2011

_____
United States District Judge